**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ALFRED DEGENNARO,

           Plaintiff,

           v.

DR. BARRY N. GRABELLE, et al.,

           Defendants.

Civil Action No. 19-16419 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

      This matter comes before the Court upon two motions. The first is Defendant the State of New Jersey's (the "State") Motion to Dismiss pro se[1] Plaintiff Alfred DeGennaro's ("Plaintiff") Amended Complaint. (ECF No. 25.) The second is Defendant Dr. Barry N. Grabelle's ("Dr. Grabelle") (collectively, with the State, "Defendants") Motion to Dismiss the Amended Complaint for Failure to Serve an Affidavit of Merit or, in the alternative, for Lack of Subject-Matter Jurisdiction. (ECF No. 26.) Plaintiff opposed both motions (ECF No. 27) and Defendants replied (ECF Nos. 28, 29). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court finds that it lacks subject-matter jurisdiction over this matter and denies the Defendants' motions as moot.

---

[1] Although Plaintiff is proceeding pro se, Plaintiff avers that he is an attorney at law in the State of New Jersey. (Am. Compl. 2, ECF No. 22.)

**I.      BACKGROUND**[2]

The parties are familiar with the factual and procedural history of this matter, and therefore the Court only recites those facts necessary to resolve the instant motions. The Court previously granted the State's Motion to Dismiss Plaintiff's initial Complaint while granting Plaintiff leave to file an amended complaint. *DeGennaro v. Grabelle*, No. 19-16419, 2020 WL 2840136 (D.N.J. May 31, 2020). (*See also* May 31, 2020 Order, ECF No. 21.) The factual allegations presented to the Court in the Amended Complaint are nearly identical to those presented in the initial Complaint. (*Compare* Compl. 12-14, ECF No. 1, *with* Am. Compl. 26-28, ECF No. 22.)

Beginning in 2014, Plaintiff was treated by Dr. Grabelle for a thyroid condition. (Am. Compl. ¶¶ 1-2.) Dr. Grabelle treated Plaintiff's thyroid condition with Levothyroxine. (*Id.* ¶¶ 2, 9.) Plaintiff alleges that Dr. Grabelle failed to appropriately prescribe Levothyroxine and, as a result of Dr. Grabelle's improper treatment, Plaintiff has experienced hair loss, depression, and fatigue. (*Id.* ¶¶ 21-22, 25.)

In the Amended Complaint now before the Court, Plaintiff brings four counts: Count One, alleging that N.J. Stat. Ann. §§ 2A:53A–26, *et seq.* (the "New Jersey AOM Statute"), is unconstitutional and violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment, U.S. Const. amend. XIV (*id.* ¶¶ 31-35); Counts Two and Three, alleging breaches of contract by Dr. Grabelle, (*id.* ¶¶ 36-45); and Count Four, alleging negligence, (*id.* ¶¶ 46-49).

---

[2] For the purposes of a motion to dismiss, the Court accepts as true and summarizes the factual allegations in the Amended Complaint. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

With respect to the Fourteenth Amendment violation alleged in Count One, the Amended Complaint takes exception to New Jersey's AOM Statute. (*Id.* at 3.) The AOM Statute requires that:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J. Stat. Ann. § 2A:53A-27. Plaintiff asserts that these requirements "violate[] his rights under the Equal Protection Clause and Due Process Clause of the United States Constitution" and asks the Court to declare this statute unconstitutional. (Am. Compl. 3, 29.) According to Plaintiff, the expenses associated with the AOM Statute "do not pass the strict scrutiny test required by the Equal Protection Clause when governmental action infringes a fundamental right (access to the Courts)." (*Id.*)

In moving to dismiss the Amended Complaint, Dr. Grabelle notes that notwithstanding his answer to Plaintiff's initial Complaint on September 26, 2019, (ECF No. 10), "[t]o date, Plaintiff has not served an Affidavit of Merit against Dr. Grabelle. Since no Affidavit of Merit was served as to Dr. Grabelle, the Complaint fails to state a cause of action against it and must be dismissed with prejudice." (Def. Grabelle's Moving Br. 4, ECF No. 26-3.) *See also Lee v. Thompson*, 163 F. App'x 142, 143 (3d Cir. 2006) (internal quotation marks omitted) (citing N.J. Stat. Ann. § 2A:53A-29) (noting that a plaintiff's "[f]ailure to provide either the affidavit or the sworn statement within 60 days [of the filing of the defendant's answer], or 120 days if the court grants

3

an extension for good cause, results in dismissal for failure to state a cause of action"). In his opposition brief, Plaintiff reiterates the Amended Complaint's contention that the AOM requirement burdens his fundamental constitutional right to access the courts and that this right must be "protected with strict scrutiny with the burden on the government to establish the legislature has passed the law to further a compelling governmental interest, and must have narrowly tailored the law to achieve that interest." (Pl.'s Opp'n Br. 3, ECF No. 27 (citations omitted).)

## II.  LEGAL STANDARD

In this case, because the parties are not diverse, the Court can obtain subject-matter jurisdiction over this matter only if federal question jurisdiction exists pursuant to 28 U.S.C. § 1331. "[A] case arises under federal law when federal law creates the cause of action asserted." *Goldman v. Citigroup Glob. Mkts., Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). "[T]he party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Id.* at 250 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-11 (1983)). "[A]nything alleged in anticipation of avoidance of [defendant's] defenses" may not be considered. *Franchise Tax Bd.*, 463 U.S. at 10 (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)). "[A] well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Goldman*, 834 F.3d at 250 (citing *Franchise Tax Bd.*, 463 U.S. at 27-28). Furthermore, "[t]he well-pleaded complaint rule is fully applicable to complaints seeking only declaratory relief." *Bd. of Chosen Freeholders of Cnty. of Burlington v. Tombs*, 215 F. App'x 80, 81 (3d Cir. 2006). "A case does not arise under

federal law simply because it is brought pursuant to the Declaratory Judgment Act. A district court lacks jurisdiction where, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state-created action." *Id.*

## III. DISCUSSION

### A. Constitutionality of the AOM Statute

As a preliminary matter, the Court notes that the federal law claims presented in Plaintiff's Amended Complaint are nearly identical to the claims presented in Plaintiff's initial Complaint. (*See generally* May 31, 2020 Op., ECF No. 20.) Those claims were previously dismissed by the Court on May 31, 2020.

"[I]f a statute neither burdens a fundamental right nor targets a suspect class, it does not violate the Fourteenth Amendment's Equal Protection Clause, as incorporated through the Fifth Amendment's Due Process Clause, so long as it bears a rational relationship to some legitimate end." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001). The Court has previously found that Plaintiff "is not a member of a suspect class and has not sufficiently alleged that the AOM Statute trammels a fundamental right." (May 31, 2020 Op. 9.) In its prior Opinion, the Court also found "that the rational basis test is the appropriate level of scrutiny" for Plaintiff's claims. (*Id.*)

The Amended Complaint now before the Court fails to allege facts or legal propositions that would lead the Court to reach different conclusions when considering the instant motions. Nothing in the Amended Complaint suggests Plaintiff has been discriminated against as a member of a suspect class. Nor does the Amended Complaint sufficiently allege that the AOM violates a fundamental right. To the extent that Plaintiff alleges the AOM violates his right to meaningful access to the courts, the Court notes that a plaintiff's "right of access to the courts is not absolute."

*Abdul-Akbar*, 239 F.3d at 317.  "An unconditional right of access exists for civil cases only when denial of a judicial forum would implicate a fundamental human interest—such as the termination of parental rights or the ability to obtain a divorce."  *Id.* (citations omitted).  Here, by contrast, Plaintiff brings medical malpractice claims, which do not implicate a fundamental human interest under controlling Third Circuit precedent.  As such, the Court will not apply strict scrutiny to the burdens allegedly imposed on Plaintiff's right to access the courts.

As for rational basis review of these alleged burdens, as noted in the Court's May 31, 2020 Opinion, other courts have rejected similar challenges to the AOM statute.  (May 31, 2020 Op. 9-10 (citing *Stephens v. City of Englewood*, No. 14-5362, 2015 WL 6737022, at *5 n.3 (D.N.J. Nov. 3, 2015); *Alan J. Cornblatt, P.A. v. Barrow*, 708 A.2d 401, 415 (N.J. 1998)).  The Court will not engage in an extended discussion of this point but reiterates, as it previously held, that the AOM Statute "imposes a simple requirement that a plaintiff file an affidavit of merit within 60 or 120 days after the defendant answers the complaint.  The AOM statute, therefore, is rationally related to the legitimate government purpose of controlling nuisance suits."  (May 31, 2020 Op. 9 (citing N.J. Stat. Ann. § 2A:53A-27).)

      **B.**     **The Court Lacks Subject-Matter Jurisdiction Over this Matter**

More fundamentally, however, notwithstanding its prior May 31, 2020 Opinion, the Court is now concerned that it lacks subject-matter jurisdiction to hear this case.  Federal courts have an "independent obligation to raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Hartig Drug Co., Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (citations and internal quotations omitted).  "Lack of subject-matter jurisdiction may also be asserted at any time by the court, sua sponte, either at the trial or appellate level."  *Cospito v. Califano*, 89 F.R.D. 374, 379 (D.N.J. 1981).

6

According to the Amended Complaint, Plaintiff and Dr. Grabelle are both New Jersey residents. (Am. Compl. 1; *see also* Def. Grabelle's Moving Br. 7 ("there exists no diversity between Mr. DeGennaro and any defendant, as all parties are residents of New Jersey").) Therefore, as noted above, this Court can obtain subject-matter jurisdiction over this matter only if federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.

Although not raised by the parties, the Court finds that it cannot obtain federal question jurisdiction over this matter because Plaintiff's Amended Complaint violates the well-pleaded complaint rule. "To determine whether a case 'arises under' federal law, a court must look to the allegations of the plaintiff's 'well-pleaded complaint.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (citing *Franchise Tax Bd.*, 463 U.S. at 10). It is black-letter law that in order to satisfy the well-pleaded complaint rule, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* (citing *Franchise Tax Bd.*, 463 U.S. at 10-11). Moreover, "the well-pleaded complaint rule is fully applicable to complaints seeking only declaratory relief." *Tombs*, 215 F. App'x at 81.

Plaintiff brings a number of state law claims relating to Dr. Grabelle's alleged malpractice. Plaintiff's only assertion of federal law relates to his claim that the AOM Statue should be declared unconstitutional because it violates the Fourteenth Amendment. (Am. Compl. 28-29.) Plaintiff, however, only raises this claim in anticipation of Defendant's Motion to Dismiss for Failure to Serve the Affidavit of Merit. (ECF No. 26-3.) "It is one of the settled principles of federal question jurisprudence that the federal question must appear on the face of the complaint, and that the federal jurisdiction cannot be created by anticipating a defense based on federal law." *United Jersey Banks*, 783 F.2d at 365 365 (citing *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149 (1908)); *see also* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

7

*Procedure* § 3566 (3d Ed. 2020) (noting that while "[i]t is not uncommon for a plaintiff to allege not only the claim but to anticipate and rebut a defense or to plead something else irrelevant to the claim itself[,]" the well-pleaded complaint rule "stands for the proposition that the court, in determining whether the case arises under federal law, will look only to the claim itself and ignore any extraneous material"). To the extent Plaintiff moves for declaratory relief, it is also black-letter law that "[a] district court lacks jurisdiction where, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state-created action." *Tombs*, 215 F. App'x at 81.

*Bracken v. Matgouranis* is instructive. There, plaintiffs brought actions "alleging defamation and intentional infliction of emotional distress, sound[ing] entirely in Pennsylvania law." 296 F.3d 160, 162 (3d Cir. 2002). Similar to the case at bar, the parties were not diverse. *Id.* Nevertheless, "[b]ecause the [c]omplaint predicted that the defendants would assert a defense of absolute privilege under Pennsylvania law and in response asserted that such a defense would violate the United States Constitution, the [d]istrict [c]ourt allowed the removal of the cases to federal court." *Id.* The Third Circuit reversed the district court, holding that "speculation on possible defenses and responding to such defenses in an attempt to demonstrate that a federal question would likely arise is not a necessary element of a plaintiff's cause of action, and thus does not create federal subject-matter jurisdiction." *Id.* at 163-64. The Court of Appeals found that the plaintiffs had merely "anticipated a *state* defense (i.e., absolute privilege), and have developed a [F]irst [A]mendment response to the defense in their Complaint (i.e., absolute privilege violates the United States Constitution)." *Id.* at 164. But "[s]peculation on a state defense and a constitutional answer to it . . . cannot be the basis for federal question jurisdiction." *Id.*

Similarly here, Plaintiff merely anticipates a state defense (i.e., Plaintiff's failure to serve an affidavit of merit). The Amended Complaint then developed a Fourteenth Amendment response to that defense (i.e., the AOM Statute violates the Equal Protection and Due Process clauses). But just as in *Bracken*, Plaintiff's anticipation of a state defense and his own federal response to that defense do not establish federal question jurisdiction. The Court, accordingly, lacks subject-matter jurisdiction over this matter.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is dismissed for lack of subject-matter jurisdiction. The Court will enter an Order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

9